New York Mercantile Trading Company, Appellant, *v.*
Louis B. Prahar, Inc., Respondent.

First Department, May 2, 1919.

Sale — action by purchaser for breach of contract by seller to manu-
facture and sell goods — transfer by seller to others of goods
manufactured in violation of contract — evidence establishing
prima facie case — admissibility of letter between parties —
Statute of Frauds.

In an action to recover damages alleged to have been sustained by the
plaintiff by reason of the alleged breach by the defendant of a contract
for the manufacture and sale of goods in that said defendant in violation
of the terms of the contract manufactured, sold and delivered said goods
to other firms, evidence examined, and *held*, to establish a *prima facie*
case.

A letter in the possession of the parties at the time of a conversation with
reference to the transaction in question, being sufficient to make a valid
contract of sale, should have been received in evidence.

The contract was not void under the Statute of Frauds because the goods
were yet to be manufactured and nearly all thereof were in fact thereafter
delivered.

Appeal by the plaintiff, New York Mercantile Trading
Company, from a judgment of the Supreme Court in favor
of the defendant, entered in the office of the clerk of the county
of New York on the 12th day of June, 1918, upon a dismissal
of the complaint by direction of the court at the close of
plaintiff's case.

*Hyman Dominitz* of counsel [*Marcus Schnitzer*, attorney],
for the appellant.

*Lazarus Shenfeld,* for the respondent.

Merrell, J.:

Plaintiff has appealed from a judgment dismissing the
complaint at the close of plaintiff's case.

The action is brought to recover damages alleged to have
been sustained by the plaintiff by reason of the alleged breach
of the defendant of a contract for the sale of one thousand
gross cigarette cases. The complaint alleges that in May,
1915, the parties entered into a contract in the following form:

" #157.                          NEW YORK, *May* 8, 1915.

" One hundred gross cigarette cases as per sample design, signed by I. J. Horowitz, made of tin, gold lined, at $6.00 per gross, net, with option to control shape & design, if an additional order for 1,000 gross is placed within 60 days from date of first delivery.

"      N. Y. MERCANTILE TRADING CO.,

" L. D. PRAHAR, INC.,                  I. J. HOROWITZ.

" Per WM. J. ROHR."

While the above contract is set forth in the 2d subdivision of the complaint, it is not the one sued upon. The contract, for a breach of which plaintiff complains, is set forth in subdivision 3 of the complaint. Plaintiff therein states that between September 15, 1915, and September 20, 1915, the parties entered into a contract wherein the plaintiff agreed to take and the defendant agreed to deliver 1,000 gross of cigarette cases in accordance with a sample design specified in the aforesaid agreement dated May 8, 1915. It is claimed by the plaintiff that these cigarette cases were to be furnished in equal weekly shipments, commencing September 25, 1916, or within a reasonable time thereafter; and that the order was duly delivered and accepted by the defendant. The complaint then states that in consideration of the placing of said order the defendant agreed that it would not manufacture for, sell or deliver to any other firm, corporation or individual cigarette cases of the same shape, or of the same design, or of the same quality of material as the sample which defendant submitted to the plaintiff, and which is above described, during the period commencing from the date of the contract and ending at a reasonable time after the delivery of said 1,000 gross of cigarette cases. The complaint further alleges that the defendant unlawfully and in violation of the said contract, during the life thereof and without the consent of the plaintiff, manufactured, sold and delivered to other firms, corporations and individuals large quantities of the cigarette cases in question, and that by reason of defendant's breach of the contract the plaintiff lost a large number of sales; that prior to said breach the plaintiff had sold the cigarette cases at an average price of eight

dollars and fifty-six cents a gross, and that by reason of the conduct of the defendant and the breach of the contract, the plaintiff necessarily reduced the price to seven dollars and fifty cents per gross, resulting in large damages and loss of profits.

The action is brought to recover damages for the breach complained of.

On the trial Isidore J. Horowitz, the president of plaintiff, testified that the alleged contract was made at the plaintiff's place of business between the 15th and 20th days of September, 1915; that upon that day one Louis B. Prahar, a representative of the defendant, called at plaintiff's place of business and stated to the witness that he had come in answer to a letter that the witness had written him the latter part of August with reference to the order sent him August sixth. The witness evidently referred to the order under date of August 8, 1915. Plaintiff then introduced in evidence the contract, in duplicate, for the 100 gross of cigarette cases, under date of May 8, 1915. Plaintiff then offered in evidence two letters, one dated August 6, 1915, and the other dated August 23, 1915, both relating to the sale of cigarette cases. These letters were not received in evidence, but it is apparent that these are the letters referred to by the plaintiff and the defendant in the conversation related by Horowitz. The letter of August sixth was written by the plaintiff to the defendant under the aforesaid date and is as follows:

"*August 6th,* 1915.

" Messrs. LOUIS B. PRAHAR, INC.,
          " Brooklyn, New York:

" GENTLEMEN.— Please make up for us, to be delivered by December 31st, 1915, in equal weekly shipments, commencing at once, one thousand (1,000) gross our #157 Cigarette cases, made of tin, gold lined, at $6.00 per gross, net as had.

" In view of the above order it is understood that we are to control your entire output of this shaped, designed and quality cigarette case.

" Yours very truly,
" NEW YORK MERCANTILE TRADING CO."

The letter of August twenty-third refers to a letter written by the defendant under date of August thirteenth, and is apparently a reply to that letter. In this communication plaintiff calls defendant's attention to the contract of May 8, 1915, and to the fact that the plaintiff had complied therewith and had gone to considerable expense and trouble in working up the trade, and that the plaintiff was desirous of adjusting the matter, and that the present pleasant business relations of the parties should continue.

After these letters were offered, Horowitz testified that Prahar stated that he had received no answer to the letter written in the latter part of August " with reference to an order that we sent him on August 6th." The witness then stated that he had a copy of the order at that time which he showed Horowitz. It is, therefore, apparent that at the time the alleged contract was made the parties had before them the August correspondence.

It is not claimed by the plaintiff that the contract of May eighth had anything to do with this action, except that the negotiations which followed the making of that contract entered into and formed a part of the contract which was actually made in September, and form a part of the *res gestœ*. Horowitz then stated that Prahar told him that metal had advanced and that he did not see his way clear to furnish the cases at six dollars a gross; that some conversation followed respecting the work which had been done and expense incurred by the plaintiff in advertising and in preparation for placing the goods upon the market, and that Prahar then said: " Now, we have the tin ordered, anyhow, the metal for the making up of this cigarette case ordered, and I will fill your order for a thousand gross."

The witness said that he told Prahar that he would expect him to stick to the original arrangement, and that Prahar said that as long as " I would keep him busy on that case, he would not attempt to make it for anyone else but the New York Mercantile Trading Company." The witness testified that he then asked Prahar: " Supposing you deliver this thousand gross of cigarette cases by December 31st, will you immediately go out in the market and offer these goods for sale? " To which Prahar answered: " No, we will not; we

will give you a reasonable time to dispose of your goods."
Prahar then stated, in response to the inquiry of Horowitz
as to whether he could deliver the cigarette cases by December
thirty-first, that he was not positive, but that he would do
the very best he could. Thereafter 900 gross of the cases
in question were actually manufactured and delivered by the
defendant to the plaintiff and were paid for by the plaintiff
as the rate of six dollars per gross.

After making this proof the plaintiff sought to prove its
damages. Plaintiff's attorney sought by every means possible
to form a question which the court would allow him to ask.
The questions seem to relate to the prices obtained for the
cigarette cases, both before and after the breach. After many
unsuccessful attempts on plaintiff's part to prove its damages,
the court finally announced: " My rulings have been largely
made on the ground that I fail to see any evidence of contract
between these parties, and there being, in my opinion, no
evidence of contract, there cannot be evidence of breach."

Plaintiff's attorney then requested the court to allow him
to prove damages, to which the court answered: " No; that
would be putting the cart before the horse."

Plaintiff's attorney then made another attempt to prove
both the breach of the contract and resultant damages, and
was stopped by the court by the following remark: " We do
not want to commence and try the case all over again. You
cannot prove your damages until you prove the contract.
That is the foundation. * * * I do not see how you
have proven a contract here, either express or implied."

Plaintiff's attorney then formally offered the testimony
of Louis B. Prahar taken before trial on the issue of breach,
the greater part of which testimony was excluded by the court.
Plaintiff then rested and, upon defendant's motion, the com-
plaint was dismissed.

I think the plaintiff proved a *prima facie* case.

Plaintiff's witness Horowitz testified to the making of the
contract sued upon. The letter of August sixth, being in the
possession of the parties at the time the conversation occurred,
was sufficient to make a valid contract of sale, and should have
been received in evidence. The contract made was not void
under the Statute of Frauds for the reason that the cigarette

cases were yet to be manufactured and nearly all thereof, were in fact, thereafter delivered. The Statute of Frauds is not urged as a defense.

The plaintiff did its best to prove damages, but was not permitted to do so by the court. While the plaintiff may have some difficulty in proving its case, upon proof of the breach it will be entitled to recover, at least, nominal damages; possibly more. At least, the plaintiff is entitled to its day in court. This, we think, it has been denied.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.